UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YONG GUO,<br><br>                 Petitioner,<br><br>    v.<br><br>UNITED STATES,<br><br>                 Respondent. | CASE NO. C18-1055-MJP<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL |

THIS MATTER comes before the Court on Petitioner's Motion to Appoint Counsel. (Dkt. No. 4.) Having reviewed the record, the Court DENIES the Motion.

The Sixth Amendment's right to counsel does not extend to appointment of counsel in a federal habeas proceeding. See Coleman v. Thompson, 501 U.S. 722, 757 (1991). The Court may provide representation for an indigent petitioner seeking relief in a federal habeas proceeding when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). A court may exercise discretion to appoint counsel in civil matters when "exceptional circumstances" are present. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

ORDER DENYING MOTION TO APPOINT COUNSEL - 1

Generally, counsel should be appointed if: (1) the petitioner has a non-frivolous claim that the petitioner cannot adequately investigate; (2) the issues are very complex; or (3) an obvious claim in the record was not raised in the pro se petition. See 28-671 MOORE'S FEDERAL PRACTICE, CRIMINAL PROCEDURe § 671.03.

None of these circumstances exist here. Petitioner has filed a 28 U.S.C. § 2255 petition seeking to vacate his sentence on the grounds that he did not have complete information about his case when he entered his plea. (Dkt. No. 1.) According to Petitioner, the documents filed against him by the government contain "discrepancies, in the form of false information, false allegation without proof, and even forgeries," and had he reviewed these documents, he would not have entered a plea and would "easily" have won at trial. (Id. at 2.) Petitioner does not identify any alleged falsities or forgeries, nor does he explain how he would have proved their existence at trial. At this time, Petitioner has failed to identify any factual basis for his § 2255 petition, and appointment of counsel would not affect that.

Accordingly, the Court DENIES Petitioner's Motion to Appoint Counsel.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 9, 2018.

Marsha J. Pechman
United States District Judge