UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YONG GUO,<br><br>      Petitioner,<br><br>  v.<br><br>UNITED STATES,<br><br>      Respondent. | CASE NO. C18-1055-MJP<br><br>ORDER DENYING MOTION FOR EMERGENCY PROTECTIVE ORDER AND TEMPORARY RESTRAINING ORDER |

THIS MATTER comes before the Court on Petitioner's Motion for Emergency Protective Order and Temporary Restraining Order. (Dkt. No. 8.) Having reviewed the record, the Court DENIES the Motion.

Petitioner was sentenced by this Court on May 8, 2015, following his guilty plea to Count I, which charged him with trafficking airsoft weapons from the United States into China in violation of 18 U.S.C. § 554, and Count II, which charged him with using false information on postal documents in violation of 18 U.S.C. § 1342. See No. 15-023MJP, Dkt. No. 20. This Court sentenced Petitioner to 36 months in federal custody. (Id.) Petitioner is facing removal

1  and is presently in DHS/ICE custody at the Northwest Detention Center in Tacoma, Washington.
2  (See Dkt. No. 1.)
3       On July 16, 2018 Petitioner filed a Motion to Vacate his sentence pursuant to 28 U.S.C. §
4  2255, on the grounds that he did not have complete information about his case when he entered
5  his plea. (Id.) On July 19, 2018, the Court ordered the United States to answer within 45 days.
6  (Dkt. No. 5.) That answer has not yet been filed.
7       On August 9, 2018, Petitioner filed this Motion for Emergency Protective Order and
8  Temporary Restraining Order. (Dkt. No. 8.) Petitioner asks the Court to transfer him out of
9  DHS custody and issue an order forbidding DHS to contact him. (Id. at 3.) While the factual
10 basis for the motion is not entirely clear, it appears to be premised on Petitioner's beliefs that (1)
11 DHS has collaborated with the Chinese government to present false information to the Court and
12 (2) his filing of the § 2255 motion will subject him to retaliation by DHS. (Id. at 2-3.)
13      A TRO is an "extraordinary remedy never awarded as of right." Winter v. Natural Res.
14 Def. Council, Inc., 555 U.S. 7, 24 (2008). To obtain a TRO, Petitioner must show: (1) a strong
15 likelihood of success on the merits, (2) a likelihood that he will suffer irreparable harm in the
16 absence of preliminary relief, (3) that the balance of equities is in his favor, and (4) that the
17 requested relief is in the public interest. Id. at 20. Likelihood of success on the merits is the
18 "most important" factor, and "if a movant fails to meet this 'threshold inquiry,' the court need
19 not consider the other factors. Disney Enterprises, Inc. v. VidAngel, Inc., 869 F.3d 848,856 (9th
20 Cir. 2017) (quoting Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015).)
21      The Court finds that Petitioner has failed to establish a likelihood of success on the
22 merits. Petitioner has not provided any legal or factual basis for his request, nor has he alleged
23 any actual retaliation by DHS or other grounds for granting the relief he seeks.
24

1 | Accordingly, the Court DENIES the Motion.

2 | The clerk is ordered to provide copies of this order to all counsel.

3 | Dated August 9, 2018.

*(signature)*

Marsha J. Pechman
United States District Judge