UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YONG GUO, | CASE NO. C18-1055-MJP |
|           Petitioner, | ORDER DENYING PETITIONER'S MOTION TO VACATE CONVICTION AND SENTENCE |
|    v. | |
| UNITED STATES, | |
|           Respondent. | |

THIS MATTER comes before the Court on Petitioner Yong Guo's Motion to Vacate Conviction and Sentence pursuant to 28 U.S.C. § 2255. (Dkt. No. 1.) Having reviewed the Motion, the Response (Dkt. No. 15), the Reply (Dkt. No. 19) and all related papers, the Court DENIES the Motion. The Court also DENIES Petitioner's Motion to Order U.S. to Surrender Critical Evidence (Dkt. No. 11), Motions for Reconsideration (Dkt. Nos. 12, 13), and Motion to Proceed Before a Jury (Dkt. No. 17).

## Background

Petitioner Yong Guo moves to vacate his conviction and sentence under 28 U.S.C. § 2255 ("Section 2255"). (Dkt. No. 1.) On May 8, 2015, Mr. Guo, a citizen of the People's Republic of China, was sentenced by this Court after entering a guilty plea for smuggling firearms from the United States to China and other countries in violation of 18 U.S.C. § 554 and for using false information on postal documents in violation of 18 U.S.C. § 1342. (See Case No. 15-023MJP, Dkt. No. 20.) Mr. Guo did not file a direct appeal, and his conviction became final fourteen days later. See Fed. R. App. 4(b).

Mr. Guo has completed his custodial sentence and is currently in DHS/ICE custody at the Northwest Detention Center in Tacoma, Washington. (See Dkt. No. 1 at 1.) On July 16, 2018, Mr. Guo moved to vacate his conviction and sentence under Section 2255 on the grounds of: (1) ineffective assistance of his retained counsel, Russel M. Aoki; (2) violations of the Fourth Amendment; (3) forgeries; (4) hearsay, lies, and lack of factual proof; (5) false allegations; (6) misleading the court; and (7) violations of equal protection. (Id. at 2-3.)

Mr. Guo subsequently filed a Motion to Appoint Counsel (Dkt. No. 4) and a Motion for Emergency Protective Order and Temporary Restraining Order (Dkt. No. 8). Finding that Mr. Guo had failed to establish a likelihood of success on the merits of his Section 2255 Motion, the Court denied both of his subsequent motions. (See Dkt. Nos. 9, 10.) Mr. Guo now seeks reconsideration as to both orders (Dkt. Nos. 12, 13), and has also filed a Motion to Order U.S. to Surrender Critical Evidence (Dkt. No. 11) and Motion to Proceed Before a Jury (Dkt. No. 17).

# Discussion

## I. Legal Standard

Under Section 2255, the Court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration on the grounds that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To obtain relief, the petitioner must prove, by a preponderance of the evidence, the existence of an error rendering his conviction unlawful. See Simmons v. Blodgett, 110 F.3d 39, 42 (9th Cir. 1997). The Court may dismiss a Section 2255 Motion if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." See Rules Governing § 2255 Proceedings, Rule 4(b).

## II. Timeliness

Section 2255 Motions are subject to a one-year statute of limitations which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

1        Mr. Guo's Motion clearly is untimely under § 2255(f)(1).  However, Mr. Guo claims that

2 it is based upon "newly discovered" evidence, which the Court construes as an argument that it is

3 timely under § 2255(f)(4).  (Dkt. No. 1. at 1-2.)

4        According to Mr. Guo, the "newly discovered" evidence is a 271-page "package of

5 evidence filed by the government . . . against him in the criminal case."  (Id. at 2; see also Dkt.

6 No. 14, Ex. 1.)  Mr. Guo claims that he received this evidence from his immigration counsel on

7 June 9, 2018, that he never reviewed it with Mr. Aoki, and that he would not have entered a

8 guilty plea if he had reviewed it with Mr. Aoki, as it allegedly consists of "a lot of discrepancies,

9 in the forms of false information, false allegation without proof, and even forgeries."  (Dkt. No. 1

10 at 2; see also Dkt. No. 14.)

11        The Court finds that the evidence cited by Mr. Guo is not "newly discovered" such that

12 his claim is timely under § 2255(f)(4).  First, there is no evidence that the government failed to

13 disclose these discovery materials to Mr. Aoki in the underlying criminal case.  To the contrary,

14 the record indicates that Mr. Aoki spent significant time reviewing and discussing the

15 government's discovery materials with Mr. Guo.  (See Dkt. No. 15, Ex. A.)  Second, even if

16 these discovery materials were in fact "newly discovered," Mr. Guo does not explain how they

17 could not have been discovered at an earlier date through the exercise of due diligence.

18        Therefore, the Court finds that Mr. Guo's Section 2255 Motion is untimely.

19 **III.   Ineffective Assistance of Counsel**

20        Even if the Court were to reach Mr. Guo's ineffective assistance claim, that claim would

21 fail.  To prevail on his claim, Mr. Guo must establish that (1) the specific acts or omissions of his

22 counsel fell below a standard of professional competence and (2) the alleged acts or omissions

23 prejudiced him.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  Prejudice is shown if

24

there is a "reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Mr. Guo's ineffective assistance claim is based upon his belief that Mr. Aoki induced him to plead guilty and "failed to protect [him] from being deprived" of his rights to "confront and cross-examine witnesses against him."[1]  (Dkt. No. 19 at 3.)  However, Mr. Guo does not claim that Mr. Aoki failed to advise him of these rights, only that he did not disclose to him the alleged "discrepancies" in the government's discovery materials.  (Id. at 4.)  There is a strong presumption that defense counsel rendered adequate assistance.  Strickland, 466 U.S. at 689. Even assuming that Mr. Aoki's performance was deficient, the Court finds that Mr. Guo has failed to show that he was prejudiced.  Aside from his own bare assertion, there is no evidence— let alone evidence showing there was a "reasonable probability"—that Mr. Guo would have otherwise insisted on going to trial.  First, Mr. Guo never denied the unlawful conduct to which he pled guilty.  U.S. v. Keller, 902 F.2d 1391, 1394 (9th Cir. 1990).  Second, there is no indication that Mr. Guo was ever "reluctant to plead guilty" or that Mr. Aoki had "a great deal of trouble convincing him to do so." Iaea v. Sunn, 800 F.2d 861, 865 (9th Cir. 1986).  Third, even notwithstanding the alleged "discrepancies," "false allegations without proof," and "forgeries" identified by Mr. Guo, there is overwhelming evidence against him.  (See Dkt. No. 14, Ex. 1.)

---

[1] While not relevant to his ineffective assistance claim, the Court notes that Mr. Guo specifically waived his rights to "confront and cross-examine witnesses against him" when he signed his plea agreement.  (See Case No. 15-023MJP, Dkt. No. 6 at ¶ 5(e) ("Defendant understands that by pleading guilty, he knowingly and voluntarily waives the following rights: . . . The right to confront and cross-examine witnesses against Defendant at trial.").)

1       Therefore, the Court finds that Mr. Guo's Section 2255 Motion lacks merit with respect

2 to the ineffective assistance claim.

3 **IV.    Remaining Claims**

4       Mr. Guo's remaining claims are time-barred.  Even if they were not, they are entirely

5 unsupported by evidence.  Conclusory allegations that are not supported by specific facts do not

6 provide grounds for relief under Section 2255.  <u>United States v. James</u>, 24 F.3d 20, 26 (9th Cir.

7 1994).  Therefore, the Court finds that Mr. Guo's Section 2255 Motion lacks merit with respect

8 to the remaining claims.

9 **Conclusion**

10       Because Petitioner's Section 2255 Motion is both time-barred and meritless, the Court

11 DENIES the Motion and DISMISSES this action with prejudice.  Having done so, the Court also

12 DENIES AS MOOT Petitioner's Motion to Order U.S. to Surrender Critical Evidence (Dkt. No.

13 11), Motions for Reconsideration (Dkt. Nos. 12, 13), and Motion to Proceed Before a Jury (Dkt.

14 No. 17).

15       The clerk is ordered to provide copies of this order to all counsel.

16       Dated October 5, 2018.

17

18                              Marsha J. Pechman

19                              United States District Judge

20

21

22

23

24